UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
London Division

IN RE:                                          :
                                                :    Chapter 13
ROBERT A. HURTT and                             :    Case No. 10-61893
SPRING V. HURTT                                 :    Judge Joseph M. Scott
                                                :
                   Debtors                      :
_____          :

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS**

This matter is before the Court on Chapter 13 Trustee's Motion to Dismiss Case under 11 U.S.C. § 109(e) ("Motion to Dismiss") (Doc. 18) and on the Debtors' Response thereto (Doc. 19). A preliminary hearing was held on March 16, 2011. The parties filed briefs (Docs. 22 & 23) in support of their respective positions pursuant to the Court's order (Doc. 21). A final hearing was held on April 20, 2011. The Court took the matter under submission and now finds that the Motion to Dismiss will be SUSTAINED.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The following constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

**Background**

1.      On December 23, 2010 ("Petition Date"), the Debtors filed their Chapter 13 Petition under Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*.

2.      Schedule A reflects that Debtors own one parcel of real estate ("Real Property") valued at $60,000.00 as collateral for debts in the total amount of $301,477.00.

3.	Schedule D reflects the following creditors with a security interest in the Real Property:

| Secured Creditor | Amount of Debt | Unsecured Portion per Schedules | Type of Lien |
|---|---|---|---|
| American Express | $ 5,109.00 | $ 5,109.00 | Judgment Lien |
| Business Loan Center | 200,000.00 | 200,000.00 | Second Lien on Residence |
| Greentree | 75,000.00 | 15,000.00 | Mortgage |
| H.T. Hackney Company | 14,800.00 | 14,800.00 | Judgment Lien |
| Internal Revenue Service | 1,868.00 | 1,868.00 | Statutory Lien |
| Kentucky Revenue Cabinet | 4,700.00 | 4,700.00 | Statutory Lien |
| **TOTALS** | $301,477.00 | $241,477.00 | |

4.	Schedule D reflects that of the $301,477.00 debt on the Real Property $241,477.00 is actually unsecured.

5.	The Summary of Schedules reflects $532,369.44 in total non-priority unsecured debt made up of $241,477 from Schedule D and $290,892.44 from Schedule F.

6.	The noncontingent, liquidated, unsecured debt limit for Chapter 13 debtors on the Petition Date was $360,475.00. From the face of Debtors' own Summary of Schedules, the Court can determine that Debtors are in excess of that limit.

## Motion to Dismiss

The Trustee asserts that the Debtors' petition should be dismissed as the Debtors are not eligible to file for Chapter 13 bankruptcy because the Debtors' noncontingent, liquidated, unsecured debts exceed the limits set forth in § 109(e) of the Bankruptcy Code. The Debtors argue that they do not exceed the unsecured debt limits because if you look at their petition and Schedule D as of the Petition Date all of the creditors listed as secured were in fact secured at that time. The Debtors

cite to Sixth Circuit case law[1] for their contention that "chapter 13 eligibility should normally be determined by the debtor's schedules, checking only to see if the schedules were made in good faith." (Debtors' Br., at 3). The Trustee states that she "does not contest the good faith estimate of the scheduled secured debt amounts in the petition." (Trustee's Br., at 2).

The Debtors also argue that since the debt owed to Business Loan Center is backed by a U.S.D.A. guarantee agreement that will satisfy that obligation of the Debtors, that the debt owed to the Business Loan Center should be considered fully secured.

## Issues and Discussion

Section 109(e) of the Bankruptcy Code in effect on the Petition Date provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debt of less than $1,081,400, or an individual with regular income and such individual's spouse, . . . that owe, on the date of filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). In *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751 (6th Cir. 1985), the United States Court of Appeals for the Sixth Circuit compared the threshold eligibility requirements for Chapter 13 to the subject matter jurisdiction determinations in diversity cases where the $10,000 minimum amount in controversy is challenged. *Pearson*, 773 F.2d at 757. Discussing the Supreme Court case of *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586 (1938), the Sixth Circuit stated:

---

[1] The Debtors cite *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751 (6th Cir. 1985) and *In re Glance*, 487 F.3d 317 (6th Cir. 2007) in support of their argument. *Pearson* is discussed in the **Issues and Discussion** portion of this Memorandum. *In re Glance* involved a situation where the court was determining whether a debt was in the nature of a noncontingent, liquidated secured debt rather than determining whether to separate an undersecured debt into its secured and unsecured portions for purposes of chapter 13 eligibility.

3

> The Supreme Court recognized . . . that the exact amount in controversy could not always be ascertained, and held that the amount claimed in good faith by the plaintiff controls unless it appears to a legal certainty that the claim is for less than the jurisdictional amount or the amount claimed is merely colorable.

*Pearson*, 773 F.2d 757. While noting that the diversity jurisdiction standard adopted by the Supreme Court was not controlling in determining the eligibility requirements in a Chapter 13, the Sixth Circuit nevertheless found that the approach made good sense in the Chapter 13 context and stated:

> Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith.
>
> . . .
>
> The fact that some later resolution of the conflict might render more certain the precise nature of the debt itself and the extent to which it is ultimately found to be secured is relatively immaterial in determining the debtor's financial condition and Chapter 13 eligibility on the date the petition was filed. The bankruptcy judge and the district judge both looked realistically to the state of the debtors' affairs as it reasonably appeared on the date of filing.

*Pearson*, 773 F.2d at 757-58.

The Debtors are, therefore, correct that the Sixth Circuit standard is to look to the Debtors' schedules so long as the schedules are filed in good faith. The Trustee here does not make an assertion that the Debtors did not file their schedules in good faith. What the Debtors are missing, however, is that Schedule D is not the only part of the schedules that the Court can look to when determining eligibility. Although in this case, we find that looking to Schedule D is sufficient where it shows clearly shows the unsecured portions of otherwise secured debt. In addition, when one looks at the Debtors' Summary of Schedules, the total unsecured debt is very clearly stated as in excess of the limits in § 109(e). Case law supports the Court's ability to make the calculation of secured vs. unsecured debt when it is so evident from the face of the schedules.

4

In *In re Fuson*, 404 B.R. 872 (Bankr. S.D. Ohio 2008), the debtors listed debts secured by their residence on Schedule D but reflected that the value of property securing the debt was $0.00. *Id.* at 874. The debtor argued that the amount of unsecured debt is determined by looking only at Schedule F. *Id.* at 875. The court, however found that the "Debtors' own valuation of the collateral is zero, the debts are unsecured and must be treated as such regardless of the schedule in which the Debtors list them." *Id.* at 876.

The court in *In re McClaskie*, 92 B.R. 285 (Bankr. S.D. Ohio 1988) found that the debtors did not meet the eligibility requirements of § 109(e) based on the court's review of the debtor's schedules. The court stated:

> It is not properly assertable that merely placing an obligation on a schedule of secured debts makes it a fully secured obligation. Neither the Court nor the debtor is permitted to close its eyes to the obvious, as reflected by the schedules.

*Id.* at 287. *See also In re Martz*, 293 B.R. 409, 413 (Bankr. N.D. Ohio 2002) (where debtor scheduled property securing debt as having a value of $0.00, debt had to be reclassified as unsecured debt and included with debtor's other unsecured debt in evaluating whether he was eligible for Chapter 13 relief); *In re Cronkleton*, 18 B.R. 792 (Bankr. S.D. Ohio 1982) (finding debtors with stated unsecured debt of $72,000.00 exceeded debt limits when secured obligation in the amount of $95,000.00 was compared to value of collateral worth only $8,000.00). *But see In re Morton*, 43 B.R. 215 (Bankr. E.D.N.Y. 1984) (following the minority view and concluding that court should not bifurcate debts for § 109(e) eligibility purposes). We choose to follow the majority view and conclude that where it is obvious from the schedules, the court should bifurcate debts for § 109(e) purposes.

The Debtors' second argument is that the debt owed to Business Loan Center is backed by a U.S.D.A. guarantee agreement that will satisfy that obligation of the Debtors. Therefore, the debt owed to the Business Loan Center should be considered fully secured. If that is the case, then considering the remainder of Debtors' undersecured debt, the Debtors' would have noncontingent, liquidated, unsecured debt of less than the maximum amount allowed by § 109(e) and would be eligible to be Chapter 13 debtors.

Looking at a similar issue in which a debt owed by debtors was secured by property owned by a corporation, the court in *In re Fuson* found that "for § 109(e) eligibility purposes, an obligation is not 'secured' to the extent it is secured by property of a third party in which the debtor has no interest." *In re Fuson*, 404 B.R. at 876 (citing *In re Brown*, 250 B.R. 382, 386 (Bankr. D. Idaho 2000)). *But see In re White*, 148 B.R. 283, 286 (Bankr. N.D. Ohio 1992) (holding that a debt secured by collateral owned by a non-debtor third party could still be classified as "secured" by the debtor for § 109(e) purposes). The court in *In re Brown* refused to follow the approach of the court in *In re White*, and instead found that "a debtor must have an interest in the specific collateral in order for the debt to be considered secured in the debtor's case." *In re Brown*, 250 B.R. at 386.

We choose to follow the courts in *In re Fuson* and *In re Brown*. Bankruptcy Code § 506(a) provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . ." 11 U.S.C. § 506(a).

> In other words, the term secured claim, and thus secured debt, was intended by Congress to refer to a claim of a creditor secured by a lien on property in which the debtor's bankruptcy estate owns an interest, and is limited in amount to the extent of the value of the creditor's interest in the bankruptcy estate's interest.

6

*In re Brown*, 250 B.R. at 384. Further, if we look only at the schedules filed in good faith by the Debtor, as required by *Pearson* and as Debtor argues we should, there is nothing in the Debtors' schedules that supports the assertion that the debt owed to Business Loan Center is guaranteed or backed by a governmental agency.

### Conclusion and Order

For the above reasons, it is the conclusion of this Court that the Debtors' noncontingent, liquidated, unsecured debts exceed the debt limit set forth in 11 U.S.C. § 109(e). As such, the Debtors are not eligible to be debtors under Chapter 13 of the Bankruptcy Code.

**IT IS HEREBY ORDERED**, that the Motion to Dismiss is **SUSTAINED**. Debtors are hereby given until May 23, 2011, to convert their case to a chapter of the Bankruptcy Code under which they are eligible to be Debtors. If the Debtors have not converted their case within such time frame, this case will be dismissed.

Copies to:
Debtors
Aaron R. Hostettler, Esq.
Beverly M. Burden, Esq.
Michael E. Litzinger, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Thursday, April 21, 2011
(jms)**